UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ABDULGHANI ZOKARI,

Plaintiff,

      -against-

CITY OF NEW YORK, UNDERCOVER OFFICER 155,
Individually, KENDRICK VICTORIA, Individually,
RENE SAMANIEGO, Individually, TERRENCE CREIGHTON,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

Docket No.

<u>Jury Trial Demanded</u>

Plaintiff ABDULGHANI ZOKARI, by his attorneys, Brett H. Klein, Esq., PLLC, complaining of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

1.    Plaintiff brings this action for compensatory damages, punitive damages and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983 and 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States.

## **JURISDICTION**

2.    This action is brought pursuant to 42 U.S.C. §§ 1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3.    Jurisdiction is found upon 28 U.S.C. §§1331 and 1343.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff ABDULGHANI ZOKARI is a forty-one-year-old man residing in Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants UNDERCOVER OFFICER 155, KENDRICK VICTORIA, RENE SAMANIEGO, TERRENCE CREIGHTON, and JOHN and JANE DOE 1 through 10, were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the

City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## FACTS

12.     On August 14, 2015, at approximately 6:30 p.m., plaintiff ABDULGHANI ZOKARI was present inside of a deli located at 42 Reid Avenue, Staten Island, New York, when defendant officers entered the location and detained and then arrested plaintiff.

13.     Plaintiff was merely present at that location and was not an employee of said location.

14.     Plaintiff was nonetheless arrested by defendant KENDRICK VICTORIA based on false allegations that plaintiff sold untaxed cigarettes to UNDERCOVER OFFICER 155.

15.     The defendant officers handcuffed plaintiff and transported him to the 120th Police Precinct and imprisoned him therein.

16.     The defendant officers thereafter caused plaintiff to be transported to Richmond County Criminal Court on August 16, 2015, on which date he was arraigned on baseless charges filed under docket number 2015RI005980; said charges having been filed based on the false allegations of the defendant officers.

17.     The defendant officers created and manufactured false evidence which UNDERCOVER OFFICER 155 and KENDRICK VICTORIA conveyed to the Richmond County District Attorney's Office, which used the same against plaintiff in the aforementioned legal proceeding. Specifically, the defendants conveyed false allegations that plaintiff sold untaxed cigarettes to UNDERCOVER OFFICER 155.

3

18.    The defendant officers initiated said prosecution with malice, and otherwise caused said prosecution to be commenced against plaintiff for the purpose of obtaining a collateral objective outside the legitimate ends of the legal process, to wit: to bolster their arrest numbers while avoiding being disciplined for the above described abuses of authority.

19.    As a result of the defendants' conduct, plaintiff was compelled to return to court on two more occasions, until November 19, 2015, when all the false charges lodged against plaintiff were adjourned in contemplation of dismissal.

20.    Defendant lieutenant TERRENCE CREIGHTON supervised defendants UNDERCOVER OFFICER 155, KENDRICK VICTORIA, and RENE SAMANIEGO, and directly participated in the violation of plaintiff's civil rights.

21.    Defendant RENE SAMANIEGO was defendant TERRENCE CREIGHTON's partner and also directly participated in, and/or failed to intervene in, the above described acts of misconduct despite a reasonable opportunity to do so, as did JOHN and JANE DOE 1 through 10.

22.    All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of falsely arresting individuals, falsification, and of covering up abuse by fellow officers.

23.    The aforesaid event is not an isolated incident. Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD officers, including the defendants, are insufficiently trained regarding probable cause needed to arrest individuals and that they engage in a practice of falsification.

24.    For instance, in another civil rights action filed in this court involving false

4

allegations by NYPD officers, Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department. . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

25.    Defendant CITY OF NEW YORK is further aware that such improper training has often resulted in a deprivation of civil rights. Despite such notice, defendant CITY OF NEW YORK has failed to take corrective action. This failure caused the officers in the present case to violate the plaintiffs' civil rights.

26.    Moreover, upon information and belief, defendant CITY OF NEW YORK was aware, prior to the incident, that the individual defendants lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers. Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and supervise them.

27.    All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

28.    All of the aforementioned acts deprived plaintiff ABDULGHANI ZOKARI of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

29.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

30.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

31.     As a result of the foregoing, plaintiff ABDULGHANI ZOKARI sustained, *inter alia*, serious physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

32.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "31" with the same force and effect as if fully set forth herein.

33.     Defendants arrested plaintiff ABDULGHANI ZOKARI without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

34.     Defendants caused plaintiff ABDULGHANI ZOKARI to be falsely arrested and unlawfully imprisoned.

35.     As a result of the foregoing, plaintiff ABDULGHANI ZOKARI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SECOND CAUSE OF ACTION
(Violation of Right to Fair Trial under 42 U.S.C. § 1983)

36.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.   Defendants created false evidence against plaintiff ABDULGHANI ZOKARI.

38.   Defendants utilized this false evidence against plaintiff ABDULGHANI ZOKARI in legal proceedings.

39.   As a result of defendants' creation and use of false evidence, plaintiff ABDULGHANI ZOKARI suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

40.   As a result of the foregoing, plaintiff ABDULGHANI ZOKARI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THIRD CAUSE OF ACTION
### (Malicious Abuse of Process under 42 U.S.C. § 1983)

41.   Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "40" with the same force and effect as if fully set forth herein.

42.   Defendants issued criminal process against plaintiff ABDULGHANI ZOKARI by causing his arrest and prosecution in Richmond County Criminal Court.

43.   Defendants caused plaintiff ABDULGHANI ZOKARI to be arrested and prosecuted in order to obtain a collateral objective outside the legitimate ends of the legal process, to wit: to avoid discipline for their abuses of authority, and thereby violated plaintiff's right to be free from malicious abuse of process.

44.   As a result of the foregoing, plaintiff ABDULGHANI ZOKARI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

7

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
(Failure to Intervene under 42 U.S.C. § 1983)

45.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "44" with the same force and effect as if fully set forth herein.

46.     Defendants had an affirmative duty to intervene on behalf of plaintiff ABDULGHANI ZOKARI, whose constitutional rights were being violated in their presence by other officers.

47.     The defendants failed to intervene to prevent the unlawful conduct described herein.

48.     As a result of the foregoing, plaintiff ABDULGHANI ZOKARI' liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subjected to handcuffing and other physical restraints.

49.     As a result of the foregoing, plaintiff ABDULGHANI ZOKARI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

50.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendant TERRENCE CREIGHTON, who held the supervisory rank of lieutenant, personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train his subordinate

employees.

52.     As a result of the foregoing, plaintiff ABDULGHANI ZOKARI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SIXTH CAUSE OF ACTION
### (Municipal Liability under 42 U.S.C. § 1983)

53.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "52" with the same force and effect as if fully set forth herein.

54.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

55.     The aforementioned customs, policies, usages, practices, procedures and rules of the New York City Police Department included, but were not limited to, arresting citizens without probable causes and then committing perjury and/or manufacturing evidence in an effort to convict such individuals.  In addition, the CITY OF NEW YORK engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff ABDULGHANI ZOKARI'S rights as described herein.  As a result of the failure of the CITY OF NEW YORK to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

56.     The foregoing customs, policies, usages, practices, procedures and rules of the

9

CITY OF NEW YORK and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff ABDULGHANI ZOKARI.

57.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff ABDULGHANI ZOKARI as alleged herein.

58.     The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff ABDULGHANI ZOKARI as alleged herein.

59.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and the New York City Police Department, plaintiff ABDULGHANI ZOKARI was unlawfully arrested and maliciously issued process.

60.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff ABDULGHANI ZOKARI' constitutional rights.

61.     All of the foregoing acts by defendants deprived plaintiff ABDULGHANI ZOKARI of federally protected rights, including, but not limited to, the right:

        A.     Not to be deprived of liberty without due process of law;

        B.     To be free from false arrest/unlawful imprisonment;

        C.     To be free from the failure to intervene;

        D.     To be free from deprivation of his right to fair trial;

        E.     To be free from malicious abuse of process; and

F.      To be free from supervisory liability.

62.     As a result of the foregoing, plaintiff ABDULGHANI ZOKARI is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**WHEREFORE**, plaintiff ABDULGHANI ZOKARI demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A)     full and fair compensatory damages in an amount to be determined by a jury;

(B)     punitive damages against the individual defendants in an amount to be determined by a jury;

(C)     reasonable attorneys' fees and the costs and disbursements of this action; and

(D)     such other and further relief as appears just and proper.

Dated: Brooklyn, New York
       January 20, 2016

BRETT H. KLEIN, ESQ., PLLC
Attorneys for the Plaintiff ABDULGHANI ZOKARI
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132

By: _____
    BRETT H. KLEIN (BK4744)

11

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------------X

ABDULGHANI ZOKARI,

                                         Plaintiff,

                                                                    Docket No.

          -against-

CITY OF NEW YORK, UNDERCOVER OFFICER 155,
Individually, KENDRICK VICTORIA, Individually,
RENE SAMANIEGO, Individually, TERRENCE CREIGHTON,
Individually, and JOHN and JANE DOE 1 through 10,
Individually, (the names John and Jane Doe being fictitious, as
the true names are presently unknown),

                                         Defendants.

-------------------------------------------------------------------------------X

**COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132